Good morning, Your Honors. May it please the Court, I'm Assistant Federal Defender Wendy Overmeyer for Richard Turner, and I'll reserve two minutes for rebuttal, and I'll watch my time. Thank you. Mr. Turner has one prior felony conviction, a nonviolent Nevada drug offense, which cannot be used to enhance his sentence because it's both overbroad and it's indivisible. And the statute we're discussing today is 453-321, and this is one of, if not the broadest, Nevada drug statutes. And it's overbroad for several reasons, but this Court needn't look no further than the fact that it is entitled and includes offers. Offers is in the title, but offers is not in 4B1.2. And because offers is less than abating, aiding and abetting, or conspiracy, or attempt, which are included in 4B1.2. And the Sentencing Commission has specifically left out offers from 4B1.2, even though they have included offers in the prior drug definition for immigration offenses in 2L1.2. And so the statute is overbroad for that reason. It is also overbroad because other acts that it covers, there's at least 12 different acts that the statute covers, one of which is transport. And then it also covers all five Nevada drug schedules, which are all overbroad. They all cover substances not included in the federal drug schedules. And so when the statute is overbroad, then we move on to the issue of divisibility. And here the government, even though it was raised below, the government did not offer any argument below or here on appeal that the different acts, actus rei, as the different means of committing this offense are divisible. And Turner did raise that below, specifically as to offers. But the government in its sentencing memorandum, in its answering brief, or in its 28Js has not offered any Nevada case law that the different theories of liability, these various acts, are divisible. And we know that these are divisible in Nevada because of a 2005 Supreme Court case that says a jury need not be unanimous as to the theory of liability in Nevada. And that's Crawford v. State. And what Crawford involved was the first-degree murder statute in Nevada, so a death-eligible crime. And it said that under Nevada's first-degree murder statute, first-degree murder could be either felony murder or it could be premeditated murder. But a jury need not decide unanimously which one it was, as long as they just agreed there was first-degree murder. So that is for a death case. Here we're talking about, you know, a felony drug case where there are at least, by my count, 24 different ways of violating the statute. And so the jury need not be unanimous as to which of those ways the defendant has violated the statute. And, again, we know this because the Nevada Supreme Court has affirmed jury instructions for this statute that lists all the various means, such as transport, sell. I'm, you know, blanking on some of the other means. Transport, sell, exchange, barter, supply, dispense, import. Even though the State's only theory in that case was sales, it listed all of the means in the jury instructions. So with respect to Offer, you still maintain your position even in light of the Nevada Supreme Court's case of Page v. State, because it seems clear that the Nevada Supreme Court read that Offer requires reading in the presence of a controlled substance, which is also what is required under the Federal statute. So I'm just trying to reconcile your argument with what the Nevada Supreme Court said in that case. Well, Offer, again, even if there is a controlled, an actual controlled substance involved, an Offer is a mere verbal promise. You know, an Offer does not rise to even a conspiracy, which requires an overt act. And Offers, whether there's a controlled substance involved or not, Offers are not included in 4B1.2. That has specifically been left out by the Sentencing Commission. So regardless of whether there has to be an actual substance or the promise that there will be a substance, an Offer is simply not included. And that is what this statute covers. It is entitled Offers or Attempts as to Any Act Involving a Controlled Substance. It's a very broad statute. It could be an Offer to Transport. And as, again, we know from Nevada state law, Transport requires no link to sales, no intent or knowledge for sale, no certain quantity. They don't have to consider the beginning or end point. And defendants in Nevada have complained to the Supreme Court, look, I just had enough for personal use. You're not considering that this was just Transport for personal use. And the Nevada Supreme Court has affirmed, saying Transport is just the mere movement of goods from one place to another. Now, that might be enough to get you a conviction in Nevada under the statute. But it is not enough to meet 4B1.2, which requires that link to sales or distribution. And so because it's overbroad and because the government has not offered any argument that these acts are divisible, we ask this Court to remand for resentencing under a base offense level of 14 instead of 20, which nearly doubled his sentence here for briefly possessing an abandoned shotgun. He got a 4-year sentence. And he has completed nearly 2 years. Sotomayor, let me just talk about this. I know you've made some arguments regarding the divisibility. One is that you say that the government waived its disability argument. And so I guess I'm just trying to figure out if we find that they did, do we address the issue of divisibility now? Because you briefed that the Nevada statute is overbroad in more respects, and you've been talking about this, on appeal than you did at the district court. And so it looks like the district court didn't reach the disability question. And so I'm just trying to figure out, do we have a complete briefing? It looks like that's what you all have been doing by 28 J letters that have been just raining in this last days. So if we have incomplete briefing on this issue, should we send it back to the district court to decide that divisibility? Or do we go ahead and decide it? Well, this court is, of course, free to remand on the issue of divisibility. It was raised by Turner below as to offers. The district court found that the statute was not overbroad, so it didn't proceed to the divisibility argument. I also think the parties could do supplemental briefing if the court would like that as to divisibility, but there is also sufficient Nevada State law that this court can address this purely legal issue today. One of the cases that's being cited is, I think it's Lukman. And I'm just wondering, isn't this Lukman case a different type of case? Because I think it's been referred to, and it seems like it's a different type of case because it dealt with delegating authority of categorization of drugs into the drugs, I think, schedules into a pharmacy board. And so it doesn't seem like our typical criminal case from which we determine state law as to the criminal state statute. So this case seems a little bit more complicated to me regarding divisibility. So I'm trying to figure out who would be best to decide it. Well, I believe the most straightforward issue of divisibility is the actus reus, is that offers is overbroad and that the various actus reus are indivisible under Crawford v. State, which is, I believe, in one of our 28Js. And James v. State was cited in the sentencing memo below. That alone makes this statute not a qualifying offense. Lukman goes to the drug schedules being overbroad, which the government doesn't contest that the drug schedules are overbroad. The parties do dispute whether the various substances listed in those schedules are divisible. And we use Lukman as the case in the Nevada Supreme Court case that analyzed this current Nevada drug law scheme where the schedules have been delegated to the pharmacy board to list the substances and, therefore, to find the drug act constitutional, specifically the statute constitutional. The Nevada Supreme Court said that those schedules are facts. They cannot be elements because elements must be set by the legislature. How do you, I guess, address the government's argument that I think it was the Mueller case that they cite does not stand for the proposition that Nevada law treats controlled substances as elements? Mueller, the simplest answer is that Mueller came out in 1975 before the drug statutes were changed in 1981. So at the time Mueller was decided, the substances were listed in the criminal act. They were scheduled in the criminal code by the legislature. In 1981, that authority was delegated to the pharmacy board, and now the substances are listed in the administrative code under administrative regulations. And so the defendant in Lukman challenged that and whether that was constitutional. And for the Nevada Supreme Court to find it constitutional, it had to find, and it did find, that only the elements are in the criminal code in the statute, and the substances that are listed are merely facts, in other words, means. They don't use the word means, but they're merely facts. Thank you. Thank you. Thank you. Good morning, Your Honors. Nancy Olson appearing on behalf of the government. May it please the Court, I'd like to start with the Nevada drug statute and the contention that the statute is overbroad as to the inclusion of offer. Turner doesn't cite anything to back up his argument that offer is nothing more than an offhand remark. Your Honor, Judge Rudenthal pointed to Page v. State, which in fact talks about the mens rea requirement that there has to be an actual controlled substance. So this is more similar to an attempt crime or something of that sort where the person is ready to engage in the crime and they have a real controlled substance. It's just a matter of how they're setting up that crime. And in addition, Turner referenced the guideline we're dealing with here, 4B1.2, as well as the immigration guideline, 2L1.2. We cited in our brief cases where this Court has held that, for all intents and purposes, those two sections are the same. One appears in the immigration guideline and one appears applicable here to the gun cases. However, Turner hasn't cited anything to show why this Court should undermine its prior case law, saying that one includes offer and the other doesn't, but we interpret these essentially the same. And with respect to transport, we do have Nevada court authority that talks about places of transport in the context of this broad list of verbs, but the Court treats it as one of many different ways to distribute drugs. It's not saying here are some ways that you can sell and distribute and here are some ways that you can do some other activities for personal use. We have also, we just cited in our most recent 28J letter, the case that says that possession is not a lesser included offense of this particular Nevada statute, and so that undermines the argument that there could somehow be this transport for personal use. Just let me ask you about the waiver issue, I mean, for this divisibility issue. Do you think it was, you did a sufficient, or what was enough to preserve this? So just to answer, there's two different divisibility questions. One is overbroad as to the acts and one is overbroad as to the controlled substance. Turner only argued the first one before the district court. He said all the acts, transport, import, export, sell, that's overbroad. He didn't talk about controlled substance being overbroad until on appeal. So if we're talking about waiver, we need to make sure we include what he didn't raise as well. And with respect to what was argued in the district court, the government argued that they were a categorical match and that's what the district court agreed with. The government didn't need to reach divisibility because the court agreed. And for that matter, when all that was challenged was those list of actions and the argument that those were overbroad, it doesn't matter whether those are elements or means because what the government's position is is that they're all synonymous ways of distributing drugs. And so whether or not under Nevada law the state has to prove distribute versus transport versus sell and exchange and so forth, or whether or not those are simply factual theories that can be pleaded in the conjunctive and listed in the jury instructions and so forth, it doesn't matter because either way they're categorically synonymous ways of listing methods of dealing drugs. And if you look at the cases we cited where the Nevada courts are calling this the sales statute, if you even look at there was a case called Olson where the defendant challenged the statute as being void for vagueness and the court said it is not void for vagueness because you have to read the word transport in conjunction with the list of verbs that it appears alongside. So the Nevada courts went to treat these as broad words. They're trying to capture any sort of conduct. So somebody can't get out of this by saying, oh, I wasn't selling drugs. I was just giving some to my friend or I just happened to be moving them. So this is really the Nevada court saying if you're going to be distributing drugs in any fashion, we're going to think of all the synonyms we can think of to capture that conduct. And this statute is different than the California law that was dealt with. This court talked about in Lee and also Rosales-Aguilar. In those cases they relied specifically on California state cases dating back to old California Supreme Court cases, and there you specifically had the California courts saying the word transport in our California statute includes transport for personal use. And that's why the government had to concede in those cases that, look, that's what the California court is saying, so we can't disagree with that. We don't have that here. We have the opposite here where we have Nevada courts saying this is all about sales. These are synonyms that deal with distribution. And so the cases of Rosales-Aguilar and the California line don't apply here. Well, it seems like the Nevada cases you cite, including Mueller, involve situations where the defendant has multiple controlled substances, and so there's listed charge specific to each substance. And so I'm trying to figure out what about if there's just one controlled substance? Is it your position that if a state prosecutor chooses to write possession of cocaine, for example, or possession of controlled substance on a charging document, that under Mathis and our case law that allows us to determine whether or not the specific controlled substance is an element? I'm just trying to figure out how it works when it's just one. So that's correct, Your Honor. Under Mathis, you would first look to the state law, and we would point the court to Mueller, which says it's an element. And so in that case, once you've been advised by the Nevada Supreme Court that it is an element, then you could say, okay, it's divisible as to controlled substance type. Now we're going to divide it and see what controlled substance it was. If it's cocaine, it would count under the federal schedules. For example, if it was one of the Nevada drugs that is not federally scheduled, then the court could stop there and say this particular conviction, under the modified categorical approach, is overbroad. But in this case, as Judge McGill pointed out, there really wasn't briefing on this matter as to the drug type because that wasn't raised below. This court is considering that same question for Nevada law in another case that was argued in August, so that's Figueroa Beltran. So that matter has already been fully briefed and is under submission with the Figueroa Beltran panel. And so if this court is inclined to consider the issue of divisibility as to controlled substance type, which was not briefed by either party below, then we would refer the court to wait for that decision to come out, or if the court wants to ask the parties for supplemental briefing on that, but just being aware that it's already under consideration by the court. Citing all the same cases with Moeller and Luckman and citing Nevada cases that have come out post-Luckman, which still show the state charging these multiple counts for different drug types. So even though we see some change in the administrative process of how drugs are being scheduled and the Luckman case dealing with the delegation issue, we still see post-Luckman there's Nevada cases where, for example, if you get charged with one count of cocaine, one count of marijuana, it's multiple counts. And so even though Luckman talked about an administrative question, it did not undermine Moeller, which said the two different controlled substances are two different crimes because that is a particular element. Notably, the Luckman case has never been cited for the proposition that Turner is citing it for, which is to say that those are not elements. Nothing has come out to undermine Moeller, so we would ask the court to take that into consideration if it wants to reach divisibility. And I also just want to point out Turner's argument regarding whether or not personal use, transport for personal use, could be considered in Nevada. If we look at some of the same cases that he's relying on in Java v. State and Olson v. State, both of those defendants tried to argue personal use as a defense, and the jury rejected that as a factual defense. And I would just suggest to the court that if defendants are out there trying to say personal use as a defense, then the defendants in Nevada think that it's not included in the statute. What transport is included is transport along with these types of sales and along with these types of distribution activities. I think I've addressed – oh, I just want to address one more point. Turner cites Crawford, this case regarding different theories under Nevada's first-degree murder death statute for the broad proposition that you can have multiple theories that the jury doesn't have to agree on. First-degree murder has nothing to do with a list of ways to distribute drugs in Nevada's drug statute, and there's no Nevada case law that imports such a broad proposition from Crawford or even the general proposition that jurors don't have to agree on preliminary factual matters. What we have to look at here is whether or not this list of acts is categorical match because it's a way of distributing drugs, not whether or not in Nevada there's different crimes in different areas of the law that might look at preliminary factual matters or theories or things like that that really have nothing to do with what we're talking about here. I think I've answered or responded to the different arguments that were raised by Turner. Unless the Court has any questions about the Tapia error, we don't believe that there was any Tapia error, and I'd be happy to speak to that as well as— What do you think more was required to constitute a Tapia error? There has to be some indication, Your Honor, that the district court is linking or the sentence is influenced by that comment about training. And so if you look at Tapia II, which was this Court's decision after remand from the Supreme Court, there they looked back at what the district court did say, and the district court specifically talked a lot about the RDAP program, quote, the 500-hour drug program, and he was saying, what do I need to do sentencing-wise, timing-wise, to get this for this defendant? And so he specifically linked it to that. And then there are a handful of other unpublished decisions that Mr. Turner cited where there were reversals as well, and notably in all three of those cases, the government conceded error because we had the exact same thing. We have a district court that's specifically saying, here's my goal as to treatment. How long do I have to get you here to get that treatment? In one case, the defendant had already served some portion of time, and so the court was saying, well, if I want you there to complete the treatment, and what if it takes you a while to get in, and how do we get you there? And so here we don't have that at all. We have a single comment that the court made at the very end of the case where she was reciting the 3553A factors as she is required to do, and she just mentioned it as essentially a collateral benefit, part of what was going on in the sentencing. And the most important part the court should focus on is the fact that she imposed, as a special condition of supervised release, that Turner would attend substance abuse treatment. And so she considered it and imposed it there. Thank you. Thank you. Thank you. Thank you. Just very briefly, Your Honors. 4B1.2 and 2L1.2 are different definitions of a drug offense. And the government is referring to this case, this Court's Charles case from 2009, that for the purposes of that case found there were no relevant differences. But it did note there were some differences. They just weren't relevant to that case. And the difference here is that offer is not included in 4B1.2. They are not the same definition. And because Nevada covers offers, and it can include offers just to transport, that Nevada Supreme Court, this Olson case that the government keeps talking about, said that this statute of trafficking are not duplicitous. Trafficking requires intent to sell. And here there is no intent to sell required. So it found you could be convicted of both. So transport can be just not linked to any sale, not linked to any distribution, and is overbrought. Thank you. Thank you both for your presentations and arguments here today. The matter of United States of America v. Richard Turner is now submitted. So, Ms. Olson, Ms. Overmeyer, thank you very much.
judges: Gould, Murguia, Freudenthal